**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FREDY CARDENAS AND ISAI RODRIGUEZ, | ) ) ) |
| *Plaintiffs*, | ) ) 3:24-CV-93 (OAW) |
| v. | ) ) ) |
| NEW GENERATIONS CONCRETE, LLC AND FRANCISCO DE MATTO, | ) ) ) |
| *Defendants*. | |

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiffs move for Default Judgment. *See* ECF No. 27. The court has reviewed the Motion, all exhibits attached thereto, and the record in this matter and is thoroughly apprised in the premises. Neither of the named defendants responded to the Complaint in this action. For the reasons discussed herein, the Motion is **GRANTED.**

**I.   BACKGROUND[1]**

This action arises from a wage dispute between Plaintiffs and Defendants. Plaintiffs allege that Defendants failed to pay them overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-76c.

Defendant Francisco De Matto is the principal and sole member of Defendant New Generations Concrete, LLC, with a residence address of 493 New Britain Avenue, Hartford, Connecticut 06106. *Id.* ¶ 6.

---

[1] All factual allegations are taken from the complaint and are considered to be true for the purpose of this ruling.

1

"Defendant New Generations Concrete is a poured concrete foundation and structure contractor and performs work that regularly involved the plaintiffs in interstate commerce, including on contracts in Connecticut, New York, and Massachusetts." *Id.* ¶ 7.

Defendants employed plaintiffs to perform work in and around Connecticut. In or around September 2022, Defendants hired Plaintiff Cardenas. ECF No. 1 ¶ 8. In or around June 2023, Defendants hired Plaintiff Rodriguez. *Id.* Plaintiffs allegedly worked unpaid overtime between March 2023 and November 2023. *Id.* ¶ 9.

From December 2022 until June 2023, Plaintiff Cardenas earned $18.00 per hour. *Id.* ¶ 11. At some time in June 2023, the defendants raised Cardenas wage rate to $20.00 per hour. *Id.*

From the start of his employment in or around June 2023 through the relevant time, Plaintiff Rodriguez earned $16.00 per hour. *Id.* ¶ 12.

"Throughout the time that the plaintiffs were employed by the defendants, defendant De Matto in the regular course of his business knowingly and intentionally relied on misrepresentations, false promises to pay wages owed, partial payment of wages owed, or upon the issuance of checks that were returned for lack of funds in order to escape responsibility for paying the wages he owed to the plaintiffs." *Id.* ¶ 13.

## II. **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for obtaining default judgment. First, a plaintiff may apply to the clerk of court to enter a default against a party that has failed to plead or defend itself. Fed. R. Civ. P. 55(a). Next, the plaintiff may seek a default judgment. Where the plaintiff has made a claim for

a sum certain or a sum easily ascertainable through computation, the clerk also may enter the default judgment. Fed. R. Civ. P. 55(b)(1). However, in all other instances, the plaintiff must move the court for default judgment. Fed. R. Civ. P. 55(b)(2); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

In reviewing a motion for default judgment, a court accepts as true all well-pleaded allegations in the complaint, except those relating to damages (which are not sought in this case). *451 Mktg., LLC v. Namco, LLC*, No. 3:17-CV-01927(MPS), 2019 WL 11894409, at *2–3 (D. Conn. Sept. 30, 2019). The court first must consider whether these accepted facts establish liability as a matter of law. *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Once liability is established, the court may award the plaintiff any relief to which it is entitled. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).

## III. DISCUSSION

Both defendants have been served in this action, but neither has answered Plaintiffs' complaint. On February 29, 2024, Plaintiffs served Defendants De Matto and New Generations Concrete LLC at 493 New Britain Avenue, Hartford, Connecticut.[2] ECF No. 9 (indicating service through Jasmine Torres, age 18, at Defendant De Matto's Hartford address). Defendant De Matto appeared on May 13, 2024, but neither he nor New Generations Concrete has answered the complaint. Accordingly, the Clerk of Court

---

[2] Under Fed. R. Civ. P 4(e), unless federal law provides otherwise, an individual may be served in a judicial district of the United States by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

3

entered default against each defendant. See ECF Nos. 13 (New Generations Concrete); 22 (Defendant De Matto). Therefore, the first step of the default process is satisfied, and now the court may turn to the question of default judgment.

### A. Liability

The first question before the court is whether Plaintiffs' complaint establishes liability as to each claim as a matter of law. The United States Court of Appeals for the Second Circuit has stated that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court finds that the well-pleaded allegations in the Complaint meet the relevant jurisdictional prerequisites of the FLSA and CMWA.

To recover under the FLSA, a plaintiff must show that their employment is sufficiently connected to interstate commerce. Fundamentally, "[t]he FLSA's minimum wage and overtime provisions apply to an employee who is: (1) 'engaged in commerce or in the production of goods for commerce'; or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Morales v. Gourmet Heaven, Inc.*, No. 3:14-cv-01333 (VLB), 2016 U.S. Dist. LEXIS 163883, 2016 WL 8254353, at *4 (D. Conn. Nov. 29, 2016) (quoting 29 U.S.C. § 207(a)(1)). These two categories commonly are referenced as "individual" and "enterprise" coverage, respectively.

Here, Plaintiffs attest they satisfy individual coverage. The court agrees. Employees are "engaged in commerce" within the meaning of the FLSA "when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103.

Further, "[a]n employee shall be deemed to have been engaged in the production of goods if such employee was employed in . . . handling . . . or in another manner working on such goods." 29 U.S.C. § 203(j). Plaintiffs regularly performed work in Connecticut, New York, and Massachusetts. ECF No. 27-2 ¶¶ 3, 6; ECF No. 27-3 ¶ 3.

"To be held liable under the FLSA, a person must be an 'employer,' defined broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Sikiotis v. Vitesse Worldwide Chaufeeured Servs. Inc.*, 147 F. Supp. 3d 39, 45 (D. Conn. 2015) (quoting 29 U.S.C. § 203(d)). When considering if an individual or entity is an employer under the FLSA, courts review "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (citing *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). "No one of the four factors standing alone is dispositive," as "the economic reality test encompasses the totality of the circumstances." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

Here, Defendants clearly are employers under the FLSA. According to Plaintiffs, De Matto had final decision-making authority and control to set and pay wages to New Generations Concrete LLC employees. ECF Nos. 27-2 ¶ 4, 27-3 ¶ 4.

As for the CMWA, it "provides wage and overtime protections similar to the FLSA, except that it does not require the employee or enterprise to be engaged in interstate commerce." *Gourmet Heaven, Inc.*, 2016 U.S. Dist. LEXIS 163883, 2016 WL 8254353 at *5, *citing Tapia v. Mateo*, 96 F. Supp. 3d 1, 5 (D. Conn. 2015). Under the CMWA, the

definition of an "employer" is "any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees." Conn. Gen. Stat. § 31-58; Conn. Gen. Stat. § 31-71a. For the reasons previously articulated, the defendants plainly are employers under the CMWA.

Finally, Plaintiffs must show that they performed work for which they were not properly compensated. An employee will satisfy his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (superseded by statute on other grounds). The CMWA provides wage and overtime protections similar to those established by the FLSA. *See Mateo*, 96 F. Supp. 3d. 1, 5 (D. Conn. 2015). Here, Plaintiffs submitted affidavits supporting the kind of work they did, where it took place, and how much they were (or were not) paid. *See* ECF Nos. 27-2; 27-3. Plaintiffs may recover back pay under either the FLSA or the CMWA. 29 U.S.C. § 216(b) (allowing recovery of "payment of wages lost"); Conn. Gen. Stat. § 31-72 (granting recovery of unpaid wages).

In sum, the plaintiffs have established liability, and the court now turns to whether the amount they seek is warranted under the law.

### B. <u>Remedies</u>

Although a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability, it does not reach the issue of damages. *Bambu Sales,*

6

*Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) (internal quotation marks and citation omitted). Therefore, the court will determine reasonable damages in this case.

> i. <u>Compensatory Damages</u>

The FLSA provides that no employer shall employ its employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee's workweek is a fixed and regularly recurring period of 168 hours, *i.e.*, seven consecutive 24-hour periods, and it need not coincide with the calendar week but may begin on any day and at any hour of the day. 29 C.F.R. § 778.105.

As a preliminary matter, there is some uncertainty with respect to precisely when Defendants began underpaying Plaintiffs. Plaintiffs' complaint indicates it was in "in or about March 2023." ECF No. 1 ¶ 8. But Plaintiffs' affidavits aver that the underpayments began earlier than that. The court will construe "in or about" to encapsulate Plaintiff Cardenas' claims dating back to December 2022. Further, a court may determine the adequacy of a plaintiff's damages claim based on that plaintiff's submissions alone. *See, e.g., Garden City Boxing Club, Inc. v. Hernandez*, No. 04-cv-2081 (LAP) (DF), 2008 U.S. Dist. LEXIS 115454, 2008 WL 4974583, at *4-5 (S.D.N.Y. Nov. 24, 2008) (determining the adequacy of plaintiff's damages claim based solely on its submitted proofs where defendant neither responded to plaintiff's submissions with respect to its claimed damages nor requested a hearing).

The court awards Plaintiff Cardenas $19,071 in compensatory damages as calculated by the court in Appendix A attached to this order.

The court awards Plaintiff Rodriguez $8,556 in compensatory damages as calculated by the court in Appendix B attached to this order.

### ii. *Liquidated Damages*

Both the FLSA and CMWA permit for the recovery of liquidated damages. *See* 29 U.S.C. § 216(b); Conn. Gen. Stat. § 31-68(a); *Mateo*, 96 F. Supp. 3d 1, 5 (D. Conn. 2015); *see Morales v. Cancun Charlie's Rest.*, No. 3:07-cv-1836 (CFD), 2010 U.S. Dist. LEXIS 125516, 2010 WL 7865081, at *8-9 (D. Conn. Nov. 23, 2010). The court may choose not to impose liquidated damages under the FLSA if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith . . . ." 29 U.S.C. § 260. But the United States Court of Appeals for the Second Circuit has held that the burden on the employer is a "difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). Similarly, under the CMWA, an employer may escape an award of double damages if "the employer had a good faith belief that the underpayment of such wages was in compliance with the law." Conn. Gen. Stat. § 31-68(a)(2).

Here, the defendants have defaulted, therefore they cannot make such showing. *Mateo*, 96 F. Supp. 3d 1, 5 (D. Conn. 2015) (imposing liquidated damages under FLSA and CMWA because the defendant defaulted and could not make any showing). The affidavits and plaintiffs' pay schedules undercut any assertion that Defendants operated in good faith. Plaintiff Cardenas received the same pay several weeks in a row despite working as many as 87 hours in a week compared to another in which he worked 37 hours. Additionally, there were multiple weeks where neither Plaintiff Cardenas nor Plaintiff Rodriguez received any sort of pay. *See* Appendices A &B.

8

Therefore, the court hereby grants liquidated damages in the amount of $19,071 as to Plaintiff Cardenas, and in the amount of $8,556 as to Plaintiff Rodriguez.

### iii. *Prejudgment Interest*

"It is 'well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages.'" *Cojom v. Roblen, LLC. F/D/B/A Vicolo Pizza Rest.*, No. 23-cv-1669 (JCH), 2025 WL 1067129, 2025 U.S. Dist. LEXIS 67700, *17 (D. Conn. Apr. 9, 2025) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)). Therefore, the court does not award any prejudgment interest under the FLSA.

However, courts in this district have awarded prejudgment interest under the CMWA in addition to liquidated damages. *See Wei v. Sichuan Pepper, Inc.*, No. 3:19-cv-525 (JBA) (TOF), 2022 U.S. Dist. LEXIS 26477, 2022 WL 385226, at *14 (D. Conn. Jan. 17, 2022), *report and recommendation adopted sub nom. Wei v. Sichuan Pepper*, No. 3:19-cv-525 (JBA), 2022 U.S. Dist. LEXIS 25673, 2022 WL 382019 (D. Conn. Feb. 7, 2022) (collecting cases). As Plaintiffs did not request prejudgment interest in this case, the court declines to award it in any amount.

### iv. *Attorney Fees*

Under both the FLSA and CMWA, prevailing plaintiffs can recover "reasonable" fees for the expense of counsel. *See* 29 U.S.C. § 216(b); Conn. Gen. Stat. §§ 31-68, 31-72. Under the FLSA, an award of reasonable attorney fees is mandatory. 29 U.S.C. § 216(b) ("The court . . . shall . . . allow a reasonable attorney's fee . . . . ").

Plaintiffs' counsel seeks $16,740 in attorney fees for their work on this case. The court's review of the case law in this district suggests that $450 is above what is typically

granted in matters like this one. *Hernandez v. Little K'S Landscaping, LLC*, No. 23-cv-460 (SVN), 2024 WL 1121321, 2024 U.S. Dist. LEXIS 47921, *49-53 (D. Conn. Feb. 5, 2024) (awarding $400 per hour in attorney fees after a thorough and detailed review by United States Magistrate Judge Thomas O. Farrish within a recommended ruling) *accord Cojom*, 2025 U.S. Dist. LEXIS 67700, *22 (Hon. Janet C. Hall, J.). Therefore, the court hereby awards Plaintiffs' counsel $14,880 in fees ($400/hr multiplied by 37.20 hours) and $1,448 in costs for a total of $16,328.

## IV. CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion for Default Judgment (ECF No. 27) is **GRANTED.**
2. Plaintiff Cardenas is awarded **$38,142** and Plaintiff Rodriguez is awarded **$17,112.**
3. Plaintiffs' counsel is awarded fees and costs totaling **$16,328.**
4. Plaintiffs' motion for guidance (ECF No. 29) is **DENIED AS MOOT,**
5. The court respectfully requests that the Clerk of Court enter judgment consistent with this order.
6. The court further asks the Clerk of Court to please **CLOSE** this case.

**IT IS SO ORDERED** in Hartford, Connecticut, this 26th day of June, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

**APPENDIX A**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DAMAGES OWED TO PLAINTIFF CARDENAS** | | | | | | | |
| Date | Standard Hours | OT Hours | Wage Rate | Standard Wages Owed | OT Wages Owed | Total Wages Owed | Wages Paid | Difference (Damages) |
| Jan. 16, 2023-March 5, 2023 | N/A | N/A | N/A | $3,708 | N/A | $3,708* | $1,000* | $2,708 |
| March 6, 2023-March 11, 2023 | 40 | 0 | $18.00 | $720.00 | $0.00 | $720.00 | 0.00* | $720.00 |
| March 13, 2023-March 18, 2023 | 33 | 0 | $18.00 | $594.00 | $0.00 | $594.00 | $400.00 | $194.00 |
| March 20, 2023-March 25, 2023 | 22 | 0 | $18.00 | $396.00 | $0.00 | $396.00 | $0.00 | $396.00 |
| March 27, 2023 - April 1, 2023 | 40 | 4 | $18.00 | $720.00 | $108.00 | $828.00 | $310.00 | $518.00 |
| April 3, 2023-April 8, 2023 | 34 | 0 | $18.00 | $612.00 | $0.00 | $612.00 | $0.00 | $612.00 |
| April 10, 2023-April 15, 2023 | 32 | 0 | $18.00 | $576.00 | $0.00 | $576.00 | $200.00 | $376.00 |
| April 17, 2023-April 22, 2023 | 40 | 6 | $18.00 | $720.00 | $162.00 | $882.00 | $750.00 | $132.00 |
| April 24, 2023-April 29, 2023 | 40 | 13 | $18.00 | $720.00 | $351.00 | $1,071.00 | $1,000.00 | $71.00 |
| May 1, 2023-May 7, 2023 | 40 | 34.5 | $18.00 | $720.00 | $931.50 | $1,651.50 | $800.00 | $851.50 |
| May 8, 2023-May 14, 2023 | 40 | 3 | $18.00 | $720.00 | $81.00 | $801.00 | $800.00 | $1.00 |
| May 15, 2023-May 21, 2023 | 40 | 12 | $18.00 | $720.00 | $324.00 | $1,044.00 | $800.00 | $244.00 |
| May 22, 2023-May 28, 2023 | 40 | 24.5 | $18.00 | $720.00 | $661.50 | $1,381.50 | $700.00 | $681.50 |
| May 29, 2023-June 4, 2023 | 37 | 0 | $18.00 | $666.00 | $0.00 | $666.00 | $600.00 | $66.00 |
| June 5, 2023-June 11, 2023 | 25 | 0 | $18.00 | $450.00 | $0.00 | $450.00 | $1,000.00 | -$550.00 |
| June 12, 2023-June 18, 2023 | 40 | 14.5 | $20.00 | $800.00 | $435.00 | $1,235.00 | $900.00 | $335.00 |
| June 19, 2023-June 25, 2023 | 40 | 19 | $20.00 | $800.00 | $570.00 | $1,370.00 | $800.00 | $570.00 |
| June 26, 2023-July 2, 2023 | 40 | 41 | $20.00 | $800.00 | $1,230.00 | $2,030.00 | $800.00 | $1,230.00 |
| July 3, 2023-July 9, 2023 | 40 | 15 | $20.00 | $800.00 | $450.00 | $1,250.00 | $800.00 | $450.00 |
| July 10, 2023-July 16, 2023 | 40 | 8 | $20.00 | $800.00 | $240.00 | $1,040.00 | $800.00 | $240.00 |
| July 17, 2023-July 23, 2023 | 40 | 22 | $20.00 | $800.00 | $660.00 | $1,460.00 | $800.00 | $660.00 |
| July 24, 2023-July 30, 2023 | 37 | 0 | $20.00 | $740.00 | $0.00 | $740.00 | $800.00 | -$60.00 |
| July 31, 2023-August 6, 2023 | 40 | 30.5 | $20.00 | $800.00 | $915.00 | $1,715.00 | $800.00 | $915.00 |
| August 7, 2023-August 13, 2023 | 40 | 24 | $20.00 | $800.00 | $720.00 | $1,520.00 | $800.00 | $720.00 |
| August 14, 2023-August 20, 2023 | 40 | 16 | $20.00 | $800.00 | $480.00 | $1,280.00 | $800.00 | $480.00 |
| August 21, 2023-August 27, 2023 | 40 | 14.5 | $20.00 | $800.00 | $435.00 | $1,235.00 | $800.00 | $435.00 |
| August 28, 2023-September 3, 2023 | 40 | 13.5 | $20.00 | $800.00 | $405.00 | $1,205.00 | $800.00 | $405.00 |
| September 4, 2023-September 10, 2023 | 40 | 9 | $20.00 | $800.00 | $270.00 | $1,070.00 | $800.00 | $270.00 |
| September 11, 2023-September 17, 2023 | 40 | 21.5 | $20.00 | $800.00 | $645.00 | $1,445.00 | $800.00 | $645.00 |
| September 18, 2023-September 24, 2023 | 40 | 26 | $20.00 | $800.00 | $780.00 | $1,580.00 | $800.00 | $780.00 |
| September 25, 2023-October 1, 2023 | 40 | 1.5 | $20.00 | $800.00 | $45.00 | $845.00 | $800.00 | $45.00 |
| October 2, 2023-October 8, 2023 | 40 | 7.5 | $20.00 | $800.00 | $225.00 | $1,025.00 | $800.00 | $225.00 |
| October 9, 2023-October 15, 2023 | 37 | 0 | $20.00 | $740.00 | $0.00 | $740.00 | $800.00 | -$60.00 |
| October 16, 2023-October 22, 2023 | 40 | 47 | $20.00 | $800.00 | $1,410.00 | $2,210.00 | $800.00 | $1,410.00 |
| October 23, 2023-October 29, 2023 | 40 | 17.5 | $20.00 | $800.00 | $525.00 | $1,325.00 | $800.00 | $525.00 |
| October 30, 2023-November 5, 2023 | 40 | 20 | $20.00 | $800.00 | $600.00 | $1,400.00 | $800.00 | $600.00 |
| November 6, 2023-November 12, 2023 | 40 | 13 | $20.00 | $800.00 | $390.00 | $1,190.00 | $800.00 | $390.00 |
| November 13, 2023-November 19, 2023 | 40 | 20 | $20.00 | $800.00 | $600.00 | $1,400.00 | $800.00 | $600.00 |
| November 20, 2023-November 26, 2023 | 40 | 8 | $20.00 | $800.00 | $240.00 | $1,040.00 | $800.00 | $240.00 |
| **Totals** | | | | $31,842.00 | $14,889.00 | $46,731.00 | $27,660.00 | $19,071.00 |

**APPENDIX B**

| | | | | DAMAGES OWED TO PLAINTIFF RODRIGUEZ | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Standard Hours | OT Hours | Wage Rate | Standard Wages Owed | OT Wages Owed | Total Wages Owed | Wages Paid | Difference (Damages) |
| June 19, 2023-June 25, 2023 | 17 | 0 | $16.00 | $272 | $0.00 | $272 | $0 | $272 |
| June 26, 2023-July 2, 2023 | 40 | 41 | $16.00 | $640 | $984.00 | $1,624 | $0 | $1,624 |
| July 3, 2023-July 9, 2023 | 40 | 15 | $16.00 | $640 | $360.00 | $1,000 | $700 | $300 |
| July 10, 2023-July 16, 2023 | 40 | 8 | $16.00 | $640 | $192.00 | $832 | $700 | $132 |
| July 17, 2023-July 23, 2023 | 40 | 22 | $16.00 | $640 | $528.00 | $1,168 | $500 | $668 |
| July 24, 2023-July 30, 2023 | 37 | 0 | $16.00 | $592 | $0.00 | $592 | $200 | $392 |
| July 31, 2023-August 6, 2023 | 40 | 30.5 | $16.00 | $640 | $732.00 | $1,372 | $800 | $572 |
| August 7, 2023-August 13, 2023 | 40 | 24 | $16.00 | $640 | $576.00 | $1,216 | $700 | $516 |
| August 14, 2023-August 20, 2023 | 40 | 16 | $16.00 | $640 | $384.00 | $1,024 | $600 | $424 |
| August 21, 2023-August 27, 2023 | 40 | 14.5 | $16.00 | $640 | $348.00 | $988 | $600 | $388 |
| August 28, 2023-September 3, 2023 | 40 | 13.5 | $16.00 | $640 | $324.00 | $964 | $700 | $264 |
| September 4, 2023-September 10, 2023 | 40 | 9 | $16.00 | $640 | $216.00 | $856 | $500 | $356 |
| September 11, 2023-September 17, 2023 | 40 | 21.5 | $16.00 | $640 | $516.00 | $1,156 | $700 | $456 |
| September 18, 2023-September 24, 2023 | 40 | 26 | $16.00 | $640 | $624.00 | $1,264 | $0 | $1,264 |
| September 25, 2023-October 1, 2023 | 40 | 1.5 | $16.00 | $640 | $36.00 | $676 | $1,100 | ($424) |
| October 2, 2023-October 8, 2023 | 40 | 7.5 | $16.00 | $640 | $180.00 | $820 | $800 | $20 |
| October 9, 2023-October 15, 2023 | 32 | 0 | $16.00 | $512 | $0.00 | $512 | $0 | $512 |
| October 16, 2023-October 22, 2023 | 40 | 47 | $16.00 | $640 | $1,128.00 | $1,768 | $900 | $868 |
| October 23, 2023-October 29, 2023 | 40 | 17.5 | $16.00 | $640 | $420.00 | $1,060 | $1,000 | $60 |
| October 30, 2023-November 5, 2023 | 40 | 20 | $16.00 | $640 | $480.00 | $1,120 | $800 | $320 |
| November 6, 2023-November 12, 2023 | 40 | 13 | $16.00 | $640 | $312.00 | $952 | $1,700 | ($748) |
| November 13, 2023-November 19, 2023 | 40 | 20 | $16.00 | $640 | $480.00 | $1,120 | $800 | $320 |
| Totals | | | | $13,536.00 | $8,820.00 | $22,356.00 | $13,800.00 | $8,556.00 |